LOKEN, Circuit Judge,
concurring in part and dissenting in part.
I join in Part II.B. of the court’s opinion. I also agree with the court’s articulation of the law of standing in Part II.A. But I cannot agree that the National Federation for the Blind (NFB) has failed to allege sufficient injury in fact to afford it standing to challenge RSB’s alleged violation of the Rehabilitation Act. Accordingly, I respectfully dissent in part.
In Village of Arlington Heights v. Metropolitan Hous. Dev. Corp. ., 429 U.S. 252, 263, 97 S.Ct. 555, 50 L.Ed.2d 450 (1977), the Supreme Court upheld the standing of a non-profit developer to challenge a municipality’s refusal to rezone land for the construction of racially integrated housing, in part because the refusal prevented plaintiff from fulfilling its charitable mission. The Court also determined that non-economic injury is sufficient to confer standing in Sierra Club v. Morton, 405 U.S. 727, 734, 92 S.Ct. 1361, 31 L.Ed.2d 636 (1972), United States v. SCRAP, 412 U.S. 669, 686, 93 S.Ct. 2405, 37 L.Ed.2d 254 (1973), and Havens Realty Corp. v. Coleman, 455 U.S. 363, 379, 102 S.Ct. 1114, 71 L.Ed.2d 214 (1982). In this case, NFB has alleged similar, specific non-economic injury. In its Amended Complaint, NFB alleged that RSB’s policy prevented NFB “from communicating with the blind citizens of Missouri who are either unaware of [NFB] or are unaware of the existence of a particular program, service, education, information or resource offered by [NFB].” More specifically, NFB alleged that use of its Job Opportunities for the Blind program by Missourians has decreased by 90% as a result of the policy, an allegation that was sufficiently supported at this threshold stage of the lawsuit by the deposition testimony of Marc Maurer, President of NFB. Thus, I read the record on appeal as containing a sufficient showing that RSB’s alleged violations of a federal statute have injured NFB in the fulfillment of its essential charitable mission. Although I take no position on the merits of NFB’s Rehabilitation Act claims, I would not dismiss them for lack of standing.